**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KELLY ADELSBERGER, *as the surviving daughter of decedent, Joanna Adelsberger,* | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:22-cv-00187-MTS |
| OPCO FESTUS, MO, LLC, *et al.,* | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court finds that Plaintiff's Complaint, Doc. [1], has not established the Court's subject-matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Plaintiff purports that this Court has diversity jurisdiction in this case under 28 U.S.C. § 1332(a)(1). In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from Defendants in such a way that no Defendant is a citizen of the same state as Plaintiff. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

Plaintiff's Complaint does not establish the parties' *citizenship* because Plaintiff alleges only where the parties are — or are not — *residents*. Doc. [1] ¶¶ 2, 25; *see also Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state."); *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 389 (1893)

(reversing lower court's judgment for want of jurisdiction because, while plaintiff averred he was "a resident" of New York, "his citizenship [wa]s nowhere disclosed").

Plaintiff also failed to establish Defendants' citizenship for another reason; she did not properly establish the citizenship of the members of Defendants, which all are alleged to be limited liability companies. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding, for diversity jurisdiction purposes, an LLC's citizenship is the citizenship of all its members). While Plaintiff did correctly focus on Defendants' members, Plaintiff stated only that Defendants' members are "Residents of states other than Missouri." Doc. [1] ¶ 25. Besides the "resident" issue, simply stating that a member is *not* a citizen of Missouri—without stating of what state the member is a citizen—is insufficient to establish the member's citizenship. *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-cv-1541-CAS, 2015 WL 5920663, at *2 (E.D. Mo. Oct. 9, 2015) (finding "insufficient" the allegation that none of LLC's members were citizens of the opposing-party's state of citizenship); *see also Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *McMahon v. Robert Bosch Tool Corp*, No. 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (finding allegation that LLC-party was "a citizen of North Carolina" was "not a factual allegation sufficient to establish [the LLC] defendant's citizenship").

The Court will provide Plaintiff fourteen (14) days in which to file an Amended Complaint to establish that this Court has subject-matter jurisdiction over this matter. *See* 28 U.S.C. § 1653.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file an Amended Complaint that properly establishes the Court's subject-matter jurisdiction within fourteen (14) days of the date of this Memorandum and Order.

Dated this 23rd day of February, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 3 -